## THE PEOPLE *v.* CHU QUONG.

THE fifty-fourth section of the Act of April 16th, 1850, concerning Crimes and Punishments, (Wood's Dig. 335) is not repealed by the Act of April 19th, 1856, (Statute 1856, 131) amendatory of, and supplementary to the Act of 1850. Section two of the Act of 1856, does not conflict with section fifty-four of the Act of 1850. These sections refer to a different class of offenses. Under the latter, the abduction must be accompanied with a removal into another county, State or territory, or a design to remove the party beyond the limits of the State. Under the former, the abduction need not be accompanied with any such removal or design—the intent to detain and conceal being the gist of the offense.

An objection, that the Court below directed the jury to find specially, as to a particular fact, comes too late if made in the Supreme Court for the first time, it not appearing that the party objecting was injured by the direction.

APPEAL from the Court of Sessions of the city and county of San Francisco.

*Geo. B. Tingley & J. H. Stewart,* for Appellant.

*Thos. H. Williams,* Attorney General, for Respondent.

Indictment for kidnapping—the charge being that defendant feloniously stole, took and carried a child into Solano county, with a design to take the child out of the State, "contrary to the form of the statute in such case made and provided," etc. Plea, not guilty. The child was six years old. The Court instructed the jury to find a general verdict of guilty or not guilty, and also to find specially whether "the defendant and the witness Ma Ho married in China before either of them came to California."

The verdict was : "We the jury find the defendant guilty, as charged in the indictment, and we further find, that the defendant and Ma Ho were not married." Ma Ho was a witness for the State, and testified that she was the mother of the child. Motion for a new trial, on the ground that the Court misdirected the jury in matter of law. Motion in arrest of judgment, on the grounds, among others, that the facts stated in the indictment do not constitute a public offense, and that no judgment can be rendered on the verdict and finding. Overruled. Judgment on the general verdict. Defendant appeals.

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

People *v.* Chu Quong.

This is an indictment under the fifty-fourth section of the Act relating to Crimes and Punishments. The section reads as follows: " Every person who shall forcibly steal, take or arrest any man, woman or child, whether white, black or colored, or any Indian in this State, and convey him or her into another county, State or territory, or who shall forcibly take or arrest any person or persons whatsoever, with a design to take him or her out of this State, without having established a claim according to the laws of the United States, shall, upon conviction, be deemed guilty of kidnapping, and be punished by imprisonment in the State Prison for any term, not less than one nor more than ten years for each person kidnapped, or attempted to be kidnapped." The first point made is, that this section, so far as relates to children under the age of ten years, was repealed by an act passed in 1856, amendatory of, and supplementary to the former act. The second section of this act provides that " every person who shall maliciously, forcibly or fraudulently lead, take or carry away, or decoy or entice away any child under the age of ten years, with intent to detain and conceal such child from its parent, guardian or other person having the lawful charge of such child, shall, upon conviction thereof," etc. The act contains a clause repealing all acts and parts of acts in conflict with its provisions. A mere glance at these two sections is sufficient to show that they do not in any manner conflict with each other, but refer to a different class of offenses. Under the former, the abduction must be accompanied with a removal into another county, State or territory, or a design to remove the party beyond the limits of the State. Under the latter, it is unnecessary that the abduction should be accompanied with any such removal or design, and the intent to detain and conceal is the gist of the offense. There other points of difference, but these are sufficient to show that the two sections are entirely independent of each other.

The second point is, that the Court erred in directing the jury to find specially in relation to a particular fact. This objection comes too late. It should have been taken in the Court below, and as this was not done, and as the defendant does not appear to have been prejudiced by the error, if an error was committed, we cannot consider it now.

No other points are made, and it follows that the judgment must be affirmed. Ordered accordingly.